IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL JOHN McGILL,

      Petitioner,

v.                                                            Civil Action No. 5:05CV31
                                                            Criminal Action No. 5:04CR13
                                                                 (JUDGE STAMP)

UNITED STATES OF AMERICA,

      Respondent.

## REPORT AND RECOMMENDATION
## THAT § 2255 BE GRANTED AS TO GROUND TWO

### I. Introduction

On March 17, 2005, *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. On October 11, 2005, Petitioner filed a Motion for Leave to Amend 28 U.S.C. § 2255 Motion to Vacate Set Aside or Correct Sentence. The Government filed its response December 5, 2005. Petitioner filed a reply January 30, 2006. The undersigned entered a Report and Recommendation June 26, 2007, recommending the motion be denied as to ground one and setting an evidentiary hearing on ground two - the failure of counsel to file an appeal. An evidentiary hearing was held August 14, 2007. Testimony was taken from petitioner and his former counsel, John L. Bremer, Esquire.

### II. Findings of Fact

Petitioner signed a plea agreement June 30, 2004, agreeing to plead guilty to possession of a firearm after a misdemeanor conviction for domestic violence. The plea hearing was July 2, 2004. Petitioner's pretrial release was revoked and he was placed in the Northern Regional Jail August 27, 2004 because a urine test on August 12, 2007 was positive for cocaine. A few days before

sentencing, Petitioner and Mr. Bremer met at the Northern Regional Jail. Mr. Bremer advised Petitioner the probation officer recommended he not receive a three level offense reduction for acceptance of responsibility because the urine test which was positive for cocaine demonstrated further criminal activity. Petitioner was sentenced September 27, 2004 to 58 months incarceration. Petitioner testified the first and only time he instructed Mr. Bremer to file an appeal was immediately after sentence was imposed. Petitioner testified Mr. Bremer said he "would take care of it". Petitioner testified that was his last communication with Mr. Bremer within the ten day appeal period.

Mr. Bremer testified Petitioner's criminal history category was V. He also testified he had no recollection of petitioner instructing him to file an appeal. When a client instructs Mr. Bremer to file a repeal, it is something that stands out in Mr. Bremer's mind. Mr. Bremer testified that he knew he had an obligation to file a notice of appeal within ten days of sentencing if so instructed. Mr. Bremer's file had no notes concerning an instruction to file a notice of appeal. Mr. Bremer did not send petitioner a letter advising of his right to appeal.

By a slight preponderance of the evidence, I find it more likely than not that Mr. Bremer was instructed to file an appeal and did not because neither witness has any notes to support his recollection and I find it more likely than not that petitioner would have instructed counsel to file an appeal when he lost the three level reduction for acceptance of responsibility at sentencing.

### III. Conclusions of Law

When a criminal defendant instructs counsel to file an appeal and the appeal is not filed, it is ineffective assistance of counsel per se - irrespective of the merits of the appeal. Evitts v. Lucey,

2

469 U.S. 387, 391-405 (1985). The remedy is to vacate the original judgment and enter a new judgment from which an appeals can be taken. United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993).

### IV. Recommendation

I recommend Petitioner's original judgment be vacated and a new judgment entered.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days from the date of this Report and Recommendation, file with the Clerk of the Court an original and two (2) copies of the written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: November 2, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE