IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


MICHAEL JOHN McGILL,

        Petitioner,

v.                                          Civil Action No. 5:05CV31
                                           (Criminal Action No. 5:04CR13)
UNITED STATES OF AMERICA,                              (STAMP)

        Respondent.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORTS AND
RECOMMENDATIONS OF MAGISTRATE JUDGE
AND OVERRULING PETITIONER'S OBJECTIONS**

I.   Procedural History

     The petitioner, Michael John McGill, appearing <u>pro se</u>,[1] filed

a petition pursuant to 28 U.S.C. § 2255 to vacate, set aside or

correct sentence by a person in federal custody.   The Court

referred this case to United States Magistrate Judge James E.

Seibert for submission of proposed findings of fact and

recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B).   The

petitioner, who in his initial petition had raised only one ground

only for relief-specifically, whether <u>United States v. Booker</u>, 125

S. Ct. 738 (2005) ("<u>Booker</u>"), applies retroactively to invalidate

his sentence--then filed a motion for leave to amend his § 2255

petition.   In his motion for leave to amend, the petitioner raised

as a second ground for relief a claim for ineffective assistance of

---

     [1]"<u>Pro se</u>" describes a person who represents himself in a court
proceeding without the assistance of a lawyer.   <u>Black's Law
Dictionary</u> 1237 (7th ed. 1999).

counsel for failure to file an appeal.  The government filed a response and the petitioner timely replied.

The magistrate judge entered a report recommendation.[2]  The magistrate judge expressly recommended that the petitioner's § 2255 petition be denied on ground one because the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the sentence and because Booker does not apply retroactively to the petitioner's sentence.  As to the ineffective assistance of counsel claim set forth in the petitioner's motion for leave to amend, the magistrate judge set an evidentiary hearing to determine whether the petitioner requested his attorney to file an appeal and whether counsel ignored or refused to follow the instructions.  In his report, the magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendation within ten days after being served with a copy of the magistrate judge's recommendation. The petitioner filed objections to the magistrate judge's report and recommendation.

After holding an evidentiary hearing on the petitioner's ineffective assistance of counsel claim, the magistrate judge

---

[2]Although the magistrate judge neither granted the motion to amend nor made a recommendation on it to this Court, his report and recommendation discusses at length the petitioner's claim that the petitioner received ineffective assistance of counsel. Accordingly, this Court treats the report and recommendation as recommending that the petitioner's motion for leave to amend be granted.

entered a second report and recommendation, in which he recommended that this Court vacate the petitioner's original judgment and enter a new judgment from which an appeal may be taken. The parties were advised in the report and recommendation that any objections must be filed within ten days from the entry of the report and recommendation. No objections were filed.

## II. Facts

On June 30, 2004, the petitioner entered into a plea agreement by which he agreed to plead guilty to violating of Title 18, United States Code, Section 922(g)(9), possession of a firearm after a misdemeanor conviction for domestic violence. The parties stipulated in the plea agreement that the relevant conduct in this matter was possession of at least three but fewer than seven firearms. The parties further stipulated in the plea agreement that at least two of the firearms in the petitioner's possession were stolen. As part of the plea agreement, the petitioner waived his right to appeal and his right to collaterally attack his sentence. Specifically, the petitioner's plea agreement contained the following language regarding his waiver of appellate rights and post-conviction relief rights:

> 12. The defendant is aware that Title 18, United States Code, Section 3742 affords him the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly makes the following waiver of his appellate rights in exchange for the concessions made by the United States in this plea agreement: (1) The defendant knowingly waives the right to appeal his sentence within the maximum provided in the statute of conviction (or the

manner in which that sentence was determined) on the grounds set forth in Title 28, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement; and (2) the defendant also waives his right to challenge his sentence and the manner in which it was determined, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

Notwithstanding the above waiver, the defendant retains his right to appeal a decision by the Court to depart upward. The United States waives its right to appeal the sentence, except in the case of a downward departure. The United States reserves its right to appeal a decision by the Court to depart downward. Neither party will have the right to appeal the Court's decision to *deny* any upward or downward departure. In the event that there would be an appeal, each party reserves the right to argue in support of the sentence.

(Plea Agreement at 5.)

On July 2, 2004, the petitioner entered his plea in open court. At the time of his plea, the petitioner was forty-three years old and had graduated from high school. (Plea Tr. at 4, July 24, 2004.) The petitioner stated that he understood and agreed with all the terms and conditions of the plea agreement. (Id. at 11.) The Court specifically asked the petitioner whether the petitioner understood the waiver of appellate and post-conviction relief rights to which the petitioner responded that he did. (Id. at 16.) The Court also asked the petitioner's counsel whether counsel believed that the petitioner understood the waiver of appellate and post-conviction relief rights. (Id.) The petitioner's counsel answered affirmatively. The Court then

reviewed all of the rights the petitioner was giving up by pleading guilty.  (Id. at 17-19.)

During the plea agreement, the government presented the testimony of Special Agent Heather L. Young of the Bureau of Alcohol, Tobacco and Firearms to establish a factual basis for the plea.  (Id. at 20-24.)  The petitioner did not contest the factual basis for the plea.  After the government presented the factual basis for the plea, the petitioner advised the Court that he was guilty of Count One of the indictment.  (Id. at 25.)  The petitioner further stated under oath that no one had attempted to force him to plead guilty, that he was pleading guilty of his own free will, that the plea was not the result of any promises other than that contained in the plea agreement, that his attorney had adequately represented him, and that his attorney had left nothing undone.  (Id. at 25-26.)  Finally, the petitioner testified that he was in fact guilty of the crime to which he was pleading guilty. (Id. at 26.)

At the conclusion of the hearing, the Court determined that the petitioner had made the plea freely and voluntarily, that the petitioner understood the consequences of pleading guilty, and that the elements of the crime under Rule 11 had been established. (Id.)  The petitioner did not object to the Court's findings.

On September 27, 2004, the petitioner appeared before the Court for sentencing.  After considering several factors, the

circumstances of both the crime and the defendant, and the sentencing objectives of punishment, the Court imposed a sentence of fifty-eight months of imprisonment, which the petitioner now challenges in his § 2255 petition.

### III. <u>Applicable Law</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." <u>See</u> <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979). Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a <u>de novo</u> review of those portions of the magistrate judge's  findings to which an objection is made.

Because the petitioner filed objections to the magistrate judge's recommendation that the § 2255 petition be denied as to ground one, this Court reviews <u>de novo</u> those portions of the magistrate judge's concerning the retroactivity of <u>Booker</u>. Because neither party has objected to the magistrate judge's recommendations in either report concerning the ineffective assistance of counsel claim, this Court reviews those recommendations for clear error. After considering <u>de novo</u> the matters to which objections were raised, and reviewing for clear error the matters to which no objections were raised, this Court

concludes that both of the magistrate judge's reports and recommendations should be affirmed in their entirety.

## IV.  Discussion

### A.  Impermissible Sentence Enhancement

As his first ground for invalidating his sentence, the petitioner alleges that his sentence violates his Sixth Amendment rights and is illegal because it is based on the mandatory application of sentencing guidelines, which has since been found to be unconstitutional.  In support of his allegations, the petitioner cites Blakely v. Washington, 542 U.S. 296 (2004), United States v. Booker, 125 S. Ct. 738 (2005), and Dodd v. United States, 545 U.S. 353 (2005).

To the extent that the petitioner seeks relief upon an argument that his Sixth Amendment rights were violated under Blakely, his claim is without merit because he knowingly, voluntarily, and intelligently entered into a plea agreement in which he affirmatively waived both his right to appeal and his right to raise collateral challenges.

A defendant who enters into a plea agreement which contains a waiver of the right to collaterally attack a sentence is valid if the defendant knowingly and voluntarily waived those rights as part of the plea agreement.  United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).  Such a waiver is also valid where collateral attacks are based upon claims of ineffective assistance of counsel

7

which do not implicate the validity of the plea or the validity of the § 2255 waiver, or which do not relate directly to the plea agreement or the waiver.  See Braxton v. United States, 358 F. Supp. 2d 497, 503 (W.D. Va. 2005).  To determine the validity of a waiver of collateral-attack rights in a plea agreement, a court must examine the language of the waiver provision, the plea agreement as a whole, the plea colloquy, and the defendant's ability to understand the proceedings.  United States v. Blick, 408 F.3d 162 (4th Cir. 2005).  A waiver of collateral-attack rights, however, does not apply to claims of ineffective assistance of counsel where the facts giving rise to the claim occurred after the defendant has entered a guilty plea.  Lemaster, 403 F.3d at 732.

Thus, in evaluating the validity of the petitioner's collateral challenge to his sentence under § 2255, this Court must determine whether the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally challenge his sentence, and, insofar as the petitioner's collateral attack is based upon ineffective assistance of counsel, whether the claims of ineffective assistance of counsel call into question the validity of the plea, the validity of the § 2255 waiver itself, or relate directly to the plea agreement or the waiver, and--if they do not-- whether the events giving rise to the claim occurred before, during, or after the petitioner entered his guilty plea.

After reviewing <u>de novo</u> those portions of the report and recommendation to which the petitioner raised objections, this Court finds that the petitioner entered into a valid collateral-attacks waiver. Based upon the waiver provision itself, the plea agreement as a whole, and the plea colloquy, this Court finds that the petitioner knowingly, intelligently, and voluntarily waived his right to seek post-conviction relief for all of the claims he has raised in his § 2255 petition, except for his claim of ineffective assistance of counsel on the ground that his counsel failed to file an appeal, which will be discussed in more detail below.

This Court also finds that even if the petitioner had not waived his post-conviction relief rights, he would still not be entitled to relief under § 2255 because <u>Booker</u> does not retroactively apply to the petitioner's sentence. <u>See, e.g.</u>, <u>Varela v. United States</u>, 400 F.3d 864 (11th Cir. 2005); <u>United States v. Price</u>, 400 F.3d 844 (10th Cir. 2005); <u>Never Misses a Shot v. United States</u>, 413 F.3d 781 (8th Cir. 2005); <u>McReynolds v. United States</u>, 397 F.3d 479 ( 7th Cir. 2005); <u>Humphress v. United States</u>, 398 F.3d 855 (6th Cir. 2005); <u>Lloyd v. United States</u>, 407 F.3d 608 (3d Cir. 2005); <u>Guzman v. United States</u>, 404 F.3d 139 (2d Cir. 2005). The petitioner was sentenced on September 27, 2004. He did not pursue a direct appeal. Consequently, his conviction became final before the decision in <u>Booker</u> was rendered. Consequently, with the exception of his claim for ineffective of

assistance of counsel for failure to file an appeal, the petitioner's claim for relief under § 2255 must fail.

B.   Ineffective Assistance of Counsel

The parties raised no objections to those portions of the magistrate judge's reports and recommendations concerning the petitioner's claims of ineffective assistance of counsel. Therefore, this Court reviews the magistrate judge's findings on this issue for clear error.

1.   Waiver

As a preliminary matter, this Court observes that the petitioner bases his claim of ineffective assistance of counsel both upon events which occurred before the petitioner entered his guilty plea and upon events which occurred afterward. As discussed above, to the extent that the petitioner seeks to have his sentence invalidated for ineffective assistance of counsel based upon events which occurred before the guilty plea, the petitioner's claim is without merit because this Court has found that he has waived his right to raise such claims. However, insofar as the petitioner's claim is based upon his counsel's failure to fail an appeal at the petitioner's direction, the petitioner has not waived his ineffective assistance of counsel claim.

2.   Counsel's Failure to File Notice of Appeal

Failure by a criminal defense attorney to file a notice of appeal when a client has requested such action results in a

10

deprivation of the defendant's Sixth Amendment right to the assistance of counsel irrespective of the likelihood of success on appeal. United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). "Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000). In this case, the magistrate judge conducted an evidentiary hearing and determined that, by a slight preponderance of the evidence, the petitioner likely instructed his attorney to file an appeal. Because defense counsel did not file a notice of appeal on behalf of the petitioner, this Court finds that the petitioner's claim of ineffective assistance of counsel has merit. Consequently, the original judgment as to Michael John McGill should be vacated and a new judgment entered from which an appeal may be taken.

## V. Conclusion

For the reasons set forth above, this Court find that the petitioner's motion for leave to amend should be, and is hereby, GRANTED. Further, this Court finds that the petitioner's objections should be, and are hereby, OVERRULED and that both of the magistrate judge's reports and recommendations should be, and hereby are, AFFIRMED and ADOPTED in their entirety. Accordingly, it is ORDERED that the petitioner's claims filed pursuant to 28 U.S.C. § 2255 be DENIED in part and GRANTED in part. Specifically, it is ORDERED that the § 2255 petition be DENIED as to ground one

and be GRANTED as to ground two.  It is further ORDERED that the judgment entered by this Court on September 28, 2007 be VACATED so that an amended judgment may be entered from which the petitioner may file an appeal.  The United States Probation Office is hereby DIRECTED to prepare an amended judgment in accordance with this order.  Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A)(i), the petitioner has ten days after the entry of the amended judgment within which to file a notice of appeal.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner, to counsel of record herein and to the United States Probation Office.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    March 27, 2008


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE